IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

PAUL LOUTZENHISER,

    Plaintiff,                    No. CIV S-04-1937 LKK PAN (JFM) P

    vs.

ALVARO C. TRAQUINA, et al.,

    Defendants.             <u>FINDINGS & RECOMMENDATIONS</u>

_____/

        Plaintiff is a state prisoner proceeding pro se with a civil rights action pursuant to 42 U.S.C. § 1983.  On April 6, 2006, this action was dismissed with prejudice in accordance with a stipulation of the parties pursuant to Fed. R. Civ. P. 41(a)(1)(ii).[1]  On May 8, 2006, plaintiff filed a motion to withdraw the settlement due to alleged "fraud and mistreatment."  Defendants oppose the motion.

        By the motion, plaintiff seeks to reopen this action and proceed to trial.  Even assuming arguendo that such relief may be available pursuant to Fed. R. Civ. P. 60(b) in an appropriate circumstance, see <u>Kokkonen v. Guardian Life Ins. Co. Of America</u>, 511 U.S. 375,

---

[1] The dismissal was entered pursuant to the stipulation of the parties in accordance with Fed. R. Civ. P. 41(a)(1)(ii).  There was no order of dismissal.

1

1  378 (1994) (citing <u>Keeling v. Sheet Metal Workers Intern. Ass'n, Local Union 162</u>, 937 F.2d 408

2  (9th Cir. 1991), plaintiff has not made the necessary showing in this case.[2]

3     Fed. R. Civ. P. 60(b) provides for relief from a "final judgment, order, or
4  proceeding for the following reasons:

> (1) mistake, inadvertence, surprise, or excusable neglect; (2) newly discovered evidence which by due diligence could not have been discovered in time to move for a new trial under Rule 59(b); (3) fraud (whether heretofore denominated intrinsic or extrinsic), misrepresentation, or other misconduct of an adverse party; (4) the judgment is void; (5) the judgment has been satisfied, released, or discharged, or a prior judgment upon which it is based has been reversed or otherwise vacated, or it is no longer equitable that the judgment should have prospective application; or (6) any other reason justifying relief from the operation of the judgment."

Fed. R. Civ. P. 60(b). Plaintiff claims that the settlement agreement was reached as a result of fraudulent misrepresentations by defense counsel that all demands except one set forth in a settlement proposal by plaintiff would be met if plaintiff agreed to settle the case. Plaintiff claims that following the settlement and dismissal none of the demands were met. Specifically, plaintiff contends that he has "been denied after care treatment, pain medication, and has been harassed by CDC Officers when asking them to comply with Plaintiffs [sic] disability needs." (Motion to Withdraw Pretrial Settlement Due to Fraud and Mistreatment, filed May 8, 2006, at 1.)

   "An agreement to settle a legal dispute is a contract" and the court "rel[ies] on basic contract principles to interpret" the agreement. <u>Jeff D. v. Andrus</u>, 899 F.2d 753 (9th Cir. 1989) (citing <u>Miller v. Fairchild Indus.</u>, 797 F.2d 727, 733 (9th Cir.1986); <u>Village of Kaktovik v. Watt</u>, 689 F.2d 222, 230 and n. 62 (D.C.Cir.1982)). Here, the settlement agreement entered into by the parties contains the following terms:

/////

---

[2] Enforcement of the settlement agreement is not available in this court. <u>See</u> <u>Kokkonen</u>, at 378.

2

> 1. The California Department of Corrections and Rehabilitation agrees to provide plaintiff with a second pair of prescribed orthotic shoes and a chrono for such shoes, which shall be effective indefinitely;
>
> 2. Plaintiff shall sign a request for voluntary dismissal with prejudice pursuant to Federal Rule of Civil Procedure 41(a)(ii); and
>
> 3. Plaintiff and Defendants shall each bear their own attorneys' fees and costs incurred in litigating this action.

(Ex. A to Plaintiff's Motion to Withdraw Pretrial Settlement, Settlement Agreement and Mutual Release, at 1.)  The settlement agreement provides that it "shall be effective as a full and final accord and satisfaction and release of each and every released matter."  (Id.)  In view of the written settlement agreement, plaintiff's assertions concerning alleged promises by defense counsel to meet other demands contained in the pretrial settlement proposal made by plaintiff prior to execution of the settlement agreement are inadequate to support plaintiff's contention that the final settlement agreement was induced by fraud or other misconduct by defense counsel.

Accordingly, IT IS HEREBY RECOMMENDED that plaintiff's May 8, 2006 motion to withdraw pretrial settlement be denied.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  Within twenty days after being served with these findings and recommendations, any party may file written objections with the court and serve a copy on all parties.  Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations."  The parties are advised that failure to file objections within the specified time may waive the right to appeal the District Court's order.  Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

DATED:  August 14, 2007.

12;lout1937.57

UNITED STATES MAGISTRATE JUDGE